IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JURRAUN P.,[1] | : | Case No. 3:20-cv-00424 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff filed an application for Supplemental Security Income (SSI) on June 20, 2016. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council granted Plaintiff's request for review and issued a corrective, unfavorable decision that updated the exhibit list but adopted the ALJ's material findings. (Doc. 10-4, PageID 205-08.) Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 13), the Commissioner's Memorandum in Opposition (Doc. 17), Plaintiff's Reply (Doc. 18), and the administrative record (Doc. 10).

## II. BACKGROUND

Plaintiff asserts that he has been under a disability since December 2, 1999.[2] He was thirty-four years old on the SSI application filing date. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). Plaintiff has a "limited education." *See* 20 C.F.R. § 416.964(b)(3).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 10-3, PageID 107-120), Plaintiff's Statement of Errors (Doc. 13), the Commissioner's Memorandum in Opposition (Doc. 17), and Plaintiff's Reply (Doc. 18). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically

---

[2] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. Thus, the relevant period of consideration in this case begins June 20, 2016. See 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v.*

*Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

**IV.    THE ALJ'S FINDINGS OF FACT**

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since June 20, 2016, the SSI application date. |
| Step 2: | | He has the severe impairments of migraines, obesity, bipolar disorder, post-traumatic stress disorder, and adult antisocial behavior. |
| Step 3: | | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |

4

| | | |
|---|---|---|
| Step 4: | | His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of medium work as defined in 20 CFR § 416.967(c), subject to the following limitations: "No more than frequent stooping, kneeling, crouching, or crawling. No climbing of ladders, ropes, or scaffolds. No work involving any exposure to unprotected heights, dangerous moving machinery, or commercial driving. [Plaintiff] is able to understand, remember, and carry out simple tasks with simple instructions in a routine work setting. No more than occasional interaction with supervisors and co-workers, but with no tandem or team work. No interaction with the general public. No production-rate work requirements or strict production quotas. [Plaintiff] is likely to be off-task for 10% of the workday." |
| | | He has no past relevant work. |
| Step 5: | | Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. |

(Doc. 10-3, PageID 109-119.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 119-20.)

## V. LAW AND ANALYSIS

Plaintiff contends that the ALJ reversibly erred "in evaluating the medical record, medical source opinions, and symptom severity." (Doc. 13, PageID 1370.) The Court disagrees and concludes that the ALJ's findings are supported by substantial evidence. Therefore, the ALJ's decision is affirmed.

### A. Applicable Law

#### 1. *Evaluation of medical opinion evidence*

Because Plaintiff's claim was filed before March 27, 2017, the opinion evidence rules set forth in 20 C.F.R. § 416.927 apply. These regulations require ALJs to adhere to

5

certain standards when weighing medical opinions. First, the ALJ is required to consider and evaluate *every* medical opinion in the record, regardless of its source. *See* 20 C.F.R. § 416.927(b), (c) (emphasis added). The regulations define "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity" of a claimant's impairments, including "symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(1).

For medical opinions from sources that are not "treating sources" as defined in 20 C.F.R. § 416.967(a)(1), the ALJ must consider the following factors: examining relationship; treatment relationship; supportability; consistency; specialization; and other factors. 20 C.F.R. § 416.927(c). The ALJ must consider the same factors when evaluating opinions from medical sources who are not "acceptable medical sources" and from nonmedical sources, although "not every factor for weighing opinion evidence will apply in every case." 20 C.F.R. § 416.927(f)(1). The ALJ "generally should explain the weight given to opinions … or otherwise ensure that the discussion of the evidence … allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. § 416.927(f)(2).

### 2. RFC

A claimant's residual functional capacity (RFC) is the most she can do in a work setting despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). The RFC determination is reserved for the ALJ. 20 C.F.R. § 416.946(c). When formulating the RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory,

and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The ALJ must base the RFC assessment on all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). Relevant evidence includes "information about the individual's symptoms and any 'medical source statements'—i.e., opinions about what the individual can still do despite his or her impairment(s)—submitted by an individual's treating source or other acceptable medical sources." SSR 96-8p, 1996 SSR LEXIS 5, *5-6 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id*. at *20.

   3.  ***Evaluation of Symptom Severity***

When a claimant alleges symptoms of disabling severity, the Social Security Administration uses a two-step process for evaluating an individual's symptoms. SSR 16-3p, 2017 WL 5180304, *3 (revised and republished Oct. 25, 2017).

First, the ALJ must "determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms." SSR 16-3p at *3. The ALJ must make this determination based upon objective medical evidence in the form of medical signs or laboratory findings. *Id*. Medical signs are "anatomical, physiological, or psychological abnormalities established by medically acceptable clinical diagnostic techniques that can be observed apart from an individual's symptoms." *Id*. The ALJ will not, however, consider whether the objective medical evidence supports the alleged severity of the individual's symptoms. *Id*.

Second, the ALJ must "evaluate the intensity and persistence of an individual's symptoms … and determine the extent to which an individual's symptoms limit his or her

ability to perform work-related activities." SSR 16-3p at *9. The Social Security Administration "recognize[s] that some individuals may experience symptoms differently and may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same non-medical evidence." *Id*. The ALJ must therefore examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id*.

When evaluating the intensity, persistence and limiting effects of the claimant's alleged symptoms, the ALJ must consider the following factors:

1. Daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p at *7-8; *cf.* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ need only discuss those factors that are pertinent based upon the evidence in the record. *Id*. The

8

ALJ's discussion of the applicable factors "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at *10.

### B. The ALJ Did Not Reversibly Err In Evaluating The Medical Source Opinions, Medical Record, And Symptom Severity

Plaintiff argues that the ALJ erred by basing her decision on a 2000 treatment note that described Plaintiff as a malingerer. (Doc. 13, PageID 1374.) This argument does not fairly characterize the ALJ's opinion. While the ALJ did cite that evidence, she also cited other evidence to support her findings regarding the consistency of Plaintiff's subjective complaints with other evidence in the record. For example, the ALJ cited Dr. Bonds' observation that Plaintiff did not appear to put forth a significant effort. (Doc. 10-3, PageID 111 (citing Exhibit 7F at 7).) The ALJ cited her observation that Plaintiff "acted as if he were incapable of answering questions" during the hearing, which conflicted with his criminal history and ability to complete his GED. (*Id.*, PageID 115.) The ALJ noted that Dr. Bonds "indicated that [Plaintiff] 'tried to present himself in a very negative light with regards to mental health and intellectual abilities,' positing that this may have been a strategy to assist in his disability benefits application." (*Id.*) Based on this and other evidence, the ALJ found that there was an "inconsistency between the level of limitation alleged and medical documentation of the claimant's limitations." (*Id.*, PageID 116.) This finding is supported by substantial evidence and therefore must be affirmed by this Court.

9

Next, Plaintiff argues that there is significant evidence of his mental health impairments. (Doc. 13, PageID 1374-75.) But the ALJ acknowledged this evidence, deferred to Plaintiff's subjective complaints when finding that he was moderately limited in certain areas of mental functioning, and included a number of mental limitations in the RFC. (Doc. 10-7, PageID 110-12.) While Plaintiff argues that the ALJ "cited very few objective mental status exam findings in support of [her] findings," and further argues that the ALJ should not have found that he "has not always fully engaged in mental health treatment," the Court cannot reweigh the evidence. Instead, it can only determine whether the ALJ's findings are supported by substantial evidence. Based upon the evidence cited in the decision, the Court must answer the question in the affirmative.

Finally, Plaintiff argues that the ALJ erred by deciding to give little weight to treating counselor Ms. Duff's opinion that Plaintiff would be off task more than fifteen percent of the workday. (Doc. 10-9, PageID 1206.) The Court disagrees. The ALJ reasoned that Ms. Duff uncritically accepted Plaintiffs' complaints despite evidence that he is capable of functioning on a higher level. (Doc. 10-3, PageID 117-18.) The ALJ concluded: "In short, Ms. Duff appears to have been "taken in" by [Plaintiff's] presentation of himself as an individual incapable of normal functioning, and did not offer a critical assessment as to whether or not this represented his actual level of capability, or if it was merely an attempt to manipulate the system in his favor." (*Id.*, PageID 118.) The ALJ's reasoning "represents a credibility determination which this court may not disturb absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th

10

Cir. 2001). No such reason exists here. Therefore, the Court cannot find that the ALJ erred in her assessment of Ms. Duff's opinion.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. 13) is OVERRULED;

2. The Court AFFIRMS the Commissioner's non-disability determination; and

3. The case is terminated on the Court's docket.

                                                  */s/ Caroline H. Gentry*
                                                  Caroline H. Gentry
                                                  United States Magistrate Judge